PJC
F. #2021R00440

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

| | |
|---|---|
| UNITED STATES OF AMERICA | PROTECTIVE ORDER |
| - against - | Cr. No. 24-264 (ARR) |
| FENG JIANG,<br>  also known as "Jeff," | |
| Defendant. | |

– – – – – – – – – – – – – – – – –X

<u>PROTECTIVE ORDER<br>GOVERNING THE DISCLOSURE OF<br>CONFIDENTIAL INFORMATION</u>

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16 and with the consent of the parties, ORDERED as follows:

(1) **Production of Confidential Information By The United States That May Be Subject to the Privacy Act, 5 U.S.C. § 552a to 45 C.F.R. §§ 164.102-164.534, or to 42 U.S.C. § 1306 or Other Privacy Protections**

The United States may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including Health Insurance Claim ("HIC") number) to the defendant, pursuant to the defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no

1

waiver by the patient to produce the records to any entity outside the United States.  The United States may also produce in response to the defendant's discovery requests confidential financial information and other records containing personal identifying information, such as social security numbers and bank account numbers.  The United States shall produce these documents unredacted to the defendant.

Upon producing these documents to the defendant, the United States shall designate them as confidential.  The defendant, including defendant's counsel and their respective personnel, may use these documents only for purposes of the litigation.  Defense counsel may disclose documents containing a patient's individually identifiable health information for the purposes of the litigation to (1) the patient whose health information is recorded in the documents and (2) to health care providers identified in the documents as having rendered services or items to the patient.  Defense counsel must keep a record of the individuals and entities to which such disclosures are made, including the date of the disclosure.

For purposes of the litigation, defense counsel may also disclose documents to other non-parties only if the non-parties sign the form of acknowledgement attached to this Order.  The defendant shall not file these documents with or submit them to the Court or reproduce their contents in any court filing unless the document or filing is placed under seal or all information that would identify the subject of the document or filing has been removed.

Except for material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all material, including seized electronically stored information ("ESI") disclosure material, within twelve months of the expiration of the period for direct appeal from any disposition in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case;

or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

(2) **Confidential Information in Open Court**

The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers and other confidential information, make a request to the Court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(3) **No Waiver**

The failure to designate any materials as provided in paragraph one shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(4) **No Ruling on Discoverability Nor Admissibility**

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED.

DATED: _____

_____
HON. ALLYNE R. ROSS
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

**ACKNOWLEDGEMENT OF TERMS AND CONDITIONS OF PROTECTIVE ORDER**

The undersigned does hereby acknowledge and agree to the terms of the Protective Order Governing the Disclosure of Confidential Information in the case of <u>United States v. Feng Jiang</u>, 24-CR-264 (ARR).

_____
Feng Jiang
Defendant

_____
David Smith, Esq.
Attorney for Defendant