1

```
 1                  UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
 2    -----------------------------x
                                        24-CR-264(ARR)
 3    UNITED STATES OF AMERICA,
                                        United States Courthouse
 4                                      Brooklyn, New York
              -against-
 5                                      January 10, 2025
                                        11:00 a.m.
 6    FENG JIANG,

 7              Defendant.

 8    -----------------------------x

 9           TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
               BEFORE THE HONORABLE ALLYNE R. ROSS
10            UNITED STATES SENIOR DISTRICT JUDGE


11


12                  A P P E A R A N C E S

13    For the Government:     BREON S. PEACE
                              United States Attorney
14                            UNITED STATES ATTORNEY'S OFFICE
                              Eastern District of New York
15                            271 Cadman Plaza East
                              Brooklyn, New York 11201
16                            BY:  PATRICK J. CAMPBELL, ESQ.
                              Assistant United States Attorney
17

18    For the Defendant:      SMITHS & KING LLC
                              666 Old Country Road, Suite 305
19                            Garden City, New York 10022
                              BY:  DAVID SCOTT SMITH, ESQ.
20

21

22    Court Reporter:         LEEANN N. MUSOLF, RPR, CCR
                              Phone:  718-613-2489
23                            Email:  lmusolf.edny@gmail.com

24

25    Proceedings recorded by mechanical stenography.  Transcript
      produced by computer-aided transcription.
```

*Proceedings*                                           2

```
 1              (In open court.)

 2              THE COURT:  United States against Jiang, docket

 3    number CR-24-264.

 4              Can the interpreter please stand and raise your

 5    right hand.

 6              (Interpreter sworn.)

 7              THE COURTROOM DEPUTY:  Please state your name for

 8    the record.

 9              THE INTERPRETER:  Lily Lau, last name is L-A-U.

10              Good afternoon.

11              THE COURTROOM DEPUTY:  Thank you.

12              For the Government, please.

13              MR. CAMPBELL:  For the United States,

14    Patrick J. Campbell.

15              Good morning, Your Honor.

16              THE COURT:  Good morning.

17              MR. SMITH:  David Smith for Mr. Jiang.

18              Good morning, Your Honor.

19              THE COURT:  Good morning, Mr. Smith.

20              Mr. Smith, what does your client wish to do?

21              MR. SMITH:  Your Honor, at this time, my client

22    wishes to withdraw his previously-entered plea of guilty and

23    to enter a plea of guilty to Count Three of the Indictment.

24              THE COURT:  His previously-entered plea of not

25    guilty?
```

*Proceedings*                                                  3

1          MR. SMITH:  Oh, I'm sorry.

2          THE COURT:  That's okay.  Maybe I misheard you.

3    It's fine.

4          MR. SMITH:  I say it so many times, I just presume

5    it comes out right.  I apologize, Your Honor.

6          THE COURT:  I understand.

7          MR. SMITH:  Yes, his previously-entered plea of not

8    guilty.

9          THE COURT:  Okay.

10         MR. SMITH:  Thank you.

11         Okay.  Mr. Jiang, as we go through the guilty plea,

12   there are many questions that I have to ask you and many

13   things that I have to explain to you.  It's very important

14   that you understand everything I ask and everything I explain.

15   So if there is anything, at all, that you don't fully

16   understand, please just stop me and I will express myself

17   differently until you do understand it; all right?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Dennis, would you please swear

20   Mr. Jiang?

21         THE COURTROOM DEPUTY:  Sure.

22         Please raise your right hand.  Do you solemnly swear

23   the testimony you give to this Court in this case will be the

24   truth, the whole truth, and nothing but the truth, so help you

25   God?

*Proceedings* 4

1          THE DEFENDANT:  Yes.

2          THE COURTROOM DEPUTY:  Please state your name for

3    the record.

4          THE DEFENDANT:  My name is Jiang Feng.

5          THE COURT:  Oh, it's "Fung."  I'm sorry.

6          Mr. Fung, do you understand --

7          THE INTERPRETER:  I'm sorry, Your Honor.  The last

8    name is Jiang.  He was just saying his last name first, before

9    his first name.

10          THE COURT:  Oh, okay.

11          Mr. Jiang, do you understand that having been sworn,

12    now that you are under oath, your answers to my questions

13    would be subject to another prosecution for perjury or a false

14    statement if you didn't answer them truthfully?

15          THE DEFENDANT:  Yes.

16          THE COURT:  How old are you?

17          THE DEFENDANT:  Forty -- 43.

18          THE COURT:  Thank you.  Have you been able to

19    communicate with your lawyer, Mr. Smith, with the assistance

20    of an interpreter?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And, Mr. Smith, have you been able to

23    communicate with your client?

24          MR. SMITH:  Yes, Your Honor.  Just to be clear, my

25    client, he does speak, write, and read English quite

*Proceedings*                                                    5

1    proficiently.  So there's never been a time in our

2    communications or in our meetings where he's expressed any

3    misunderstandings or inability to understand our

4    communications.

5              THE COURT:  Okay.  That's fine.

6              Mr. Jiang, is that correct?  Have you been fully

7    able to understand what Mr. Smith has said to you and are you

8    satisfied that you have been fully able to communicate to him

9    what you are trying to communicate?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Okay.  Are you now or have you recently

12   been under the care of a physician or a psychiatrist?

13             THE DEFENDANT:  No.

14             THE COURT:  In the last 24 hours, have you taken any

15   narcotic drugs or medicine or pills of any kind, or drunk any

16   alcoholic beverage?

17             THE DEFENDANT:  No.

18             THE COURT:  Okay.  Have you ever been hospitalized

19   or treated for narcotic addiction?

20             THE DEFENDANT:  No.

21             THE COURT:  Is your mind clear now?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Do you understand what is going on in

24   this proceeding?

25             THE DEFENDANT:  Yes.

*Proceedings*                                                    6

1              THE COURT:  Mr. Smith, have you discussed this

2    matter thoroughly with your client?

3              MR. SMITH:  Yes, I have, Your Honor.

4              THE COURT:  Does he understand the rights that he

5    would be waiving by pleading guilty?

6              MR. SMITH:  Yes, he does.

7              THE COURT:  Is he capable of understanding the

8    nature of the proceedings?

9              MR. SMITH:  I believe he is, yes, Your Honor.

10             THE COURT:  Do you have any doubt as to his

11   competence to plead at this time?

12             MR. SMITH:  I do not.

13             THE COURT:  Have you advised him of the maximum

14   sentence and fine that may be imposed, and discussed with him

15   the advisory Sentencing Guidelines and the other sentencing

16   factors?

17             MR. SMITH:  Extensively, yes, Your Honor.

18             THE COURT:  Okay.

19             Mr. Jiang, have you had plenty of time to discuss

20   your case with Mr. Smith?

21             THE DEFENDANT:  Yes.

22             THE COURT:  And are you satisfied to have him

23   represent you in this proceeding?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Okay.  Have you received a copy of the

*Proceedings* 7

1  indictment, that is the document that sets forth the charges

2  against you?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Okay.  Did you read it?

5          THE DEFENDANT:  Yes, I have.

6          THE COURT:  Were you able to read it in English?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Okay.  Did you discuss it with your

9  lawyer?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Did you understand it?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Okay.  I am going to go through it with

14  you once more, and if you have any question, at all, as to

15  what any of it means, I want you to ask me or ask your lawyer,

16  all right?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Okay.  Now, as you know, the indictment

19  starts with an introduction that's relevant to the charges.

20  It first describes the Medicare and Medicaid programs, and it

21  also states or alleges that you were an owner of five

22  pharmacies, Elm Care, New York Elm, New York Health, 88

23  Pharmacy, Silver Care, that between approximately September 15

24  and December 22, you and others agreed to execute and did, a

25  scheme to cause the submission of false and fraudulent claims

*Proceedings*                                                                8

1    to the Medicare and Medicaid plans to dispense pharmaceutical

2    and over-the-counter products that were medically unreasonable

3    and unnecessary procured by the payment of kickbacks and not

4    provided to beneficiaries and Medicare recipients and that you

5    directed Elm Care and New York Elm employees to offer illegal

6    kickbacks in the form of supermarket gift certificates to

7    Medicare and Medicaid recipients who filled their prescription

8    at the pharmacies Elm Care, New York Elm, and that you also

9    directed Elm Care and New York Elm to bill the plans for these

10   over-the-counter items that weren't really dispensed, and

11   instead, provided the beneficiaries of the value in cash as a

12   kickback or bribe so that they would bring prescriptions to

13   the pharmacies, and that you also referred the beneficiaries

14   to a medical practice where they were prescribed

15   medically-unnecessary topical medications and pain patches

16   that were to be filled at Elm Care and New York Elm, and you

17   fraudulently indicated Elm Care was closing when, in fact,

18   Elm Care simply changed its name to New York Elm;

19          That between September 2015 and December 2022,

20   Medicare paid those two pharmacies, approximately,

21   23.8 million dollars and Medicaid paid them, approximately,

22   $55,000 for prescriptions that were medically unreasonable and

23   unnecessary and were induced by the payment of illegal

24   kickbacks and bribes, and that between approximately the same

25   dates, you and others agreed to execute and executed a scheme

*Proceedings*                                                            9

1    to engage in deceptive activities intended to hide information

2    and avert inquiry into the healthcare scheme, that in order to

3    pay kickbacks to Medicare and Medicaid beneficiaries and to

4    obtain the cash to be disbursed as unrecorded profits among

5    the owners, you and others wrote checks to various

6    illegitimate companies that you used to disguise the fact that

7    the checks were written to generate cash that was used to

8    distribute profits from the scheme and pay illegal kickbacks.

9          That's the introduction.  Did you understand all of

10   that?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Okay.  And in Count Three which charges

13   a money laundering conspiracy, apart from re-alleging

14   everything that I have just cited from the introduction, it

15   charges that between September of 2015 and December of 2022,

16   approximately, in this district and elsewhere, you and others

17   knowingly agreed to conduct financial transactions affecting

18   interstate commerce, specifically deposits, withdrawals, and

19   transfers of funds and monetary instance, which transactions,

20   in fact, involved the proceeds of one or more specified

21   unlawful activities, specifically an offense involving a

22   federal healthcare offense in violation of federal law,

23   knowing that the property involved in those transactions

24   represented the proceeds of some form of unlawful activity and

25   knowing that the transactions were designed in whole or part

*Proceedings*                                                          10

1   to conceal the nature or location, course, and control of the

2   proceeds; do you understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Okay.  Do you understand that you have

5   the right to persist in your plea of not guilty, if you wanted

6   to, you could; do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  And if you did, under the Constitution

9   and under the laws of the United States, you would be entitled

10  to a speedy and public trial by jury with the assistance of

11  your lawyer, Mr. Smith, and you would be entitled to his

12  assistance throughout every aspect of the criminal proceeding

13  against you; do you understand that?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Now, at a trial, you would be presumed

16  to be innocent and the Government would have to overcome that

17  presumption and prove you guilty by competent evidence beyond

18  a reasonable doubt.  You would not have to prove that you were

19  innocent.  If the Government were to fail to prove you guilty

20  beyond a reasonable doubt, the jury would have the duty to

21  find you not guilty; do you understand that?

22             THE DEFENDANT:  Yes.

23             THE COURT:  In the course of the trial, the

24  witnesses for the Government would have to come into court and

25  testify in your presence.  Mr. Smith would have the

1    opportunity to cross-examine the Government's witnesses, to

2    object to any evidence the Government offered, and to offer

3    evidence on your behalf, and in that regard, he would have the

4    right to compel the attendance of witnesses to testify on your

5    behalf; do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Okay.  At a trial, while you would have

8    the right to testify if you chose to do so, you couldn't be

9    required to testify.  Under the Constitution of the

10   United States, you can't be compelled to incriminate yourself,

11   and that simply means you can't be required to say anything

12   that would in any way indicate your guilt of a crime with

13   which you were charged.  If you chose not to testify, I would

14   instruct the jury that they couldn't hold that against you in

15   any way; do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Now, if you plead guilty and your guilty

18   plea is accepted, you are going to be giving up your

19   Constitutional right to a trial and all the other rights that

20   I just described, there would be no further trial of any kind,

21   and no right to appeal from a judgment of guilty.  I would

22   simply enter a judgment of guilty on the basis of your guilty

23   plea; do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Okay.  Also, if you plead guilty, I am

*Proceedings*                                                      12

1    going to have to ask you questions about what it was that you

2    did in order to satisfy myself that you actually are guilty of

3    the charge to which you seek to plead guilty.  You will have

4    to answer my questions and acknowledge your guilt, and in

5    doing that, you are going to be giving up one of the rights

6    that I just described, which is the right not to say anything

7    that would, in any way, indicate your guilt; do you understand

8    that?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Are you willing to give up your right to

11   a trial and all of the other rights that I have just described

12   and, instead, enter a guilty plea?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Okay.

15             I am going to hand down a written agreement that has

16   been marked as Government Exhibit 1 in your case.

17             (Government Exhibit 1, was received in evidence.)

18             THE COURT:  Turning to the last page.  Is that your

19   signature on the agreement?

20             THE DEFENDANT:  Yes.

21             THE COURT:  Before you signed it, did you read it?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Did you read it in English?

24             THE DEFENDANT:  I reviewed it with the interpreter

25   together.

*Proceedings*                                                    13

1          THE COURT:  Okay.  And was it interpreted for you

2    by, among others, the court-certified interpreter who is with

3    us here today?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Did you discuss it with Mr. Smith?

6          THE DEFENDANT:  Yes, we discussed this prior.

7          THE COURT:  Okay.  Did you understand everything in

8    the agreement?

9          THE DEFENDANT:  Yes.

10         THE COURT:  Was there anything in the agreement that

11   you did not fully understand?

12         THE DEFENDANT:  No.

13         THE COURT:  Do you understand that that written

14   agreement sets forth your entire agreement with the Government

15   relating to your guilty plea in this case?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Okay.  Do you know the maximum sentence

18   that may be imposed based on your plea of guilty to Count

19   Three?

20         THE DEFENDANT:  Yes.

21         THE COURT:  So you understand you could be -- under

22   the statute, you could be imprisoned for up to 20 years?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you understand that you would also be

25   subject to a term of supervised release of up to three years?

*Proceedings*                                                    14

 1                  THE DEFENDANT:  Yes.

 2                  THE COURT:  Do you know what a term of supervised

 3     release is?

 4                  THE DEFENDANT:  Yes.

 5                  THE COURT:  So you understand, that's a period of

 6     time after you are released from prison, you are not in prison

 7     but there are many restrictions that are placed on your

 8     liberty, so many that I can't even begin to review them all

 9     for you now, but if you were to breach any of those conditions

10     of your supervised release while you were out on supervised

11     release, you could be sent back to prison for up to two years

12     without any credit for any of the time that you may have spent

13     out on supervised release.

14                  Do you understand that?

15                  THE DEFENDANT:  Yes.

16                  THE COURT:  And do you understand that you could be

17     fined the greater of $500,000 or twice the value of the funds

18     laundered?

19                  THE DEFENDANT:  Yes.

20                  THE COURT:  Okay.  And do you understand that you

21     will be required to make restitution in the amount of

22     $24,411,567.51?

23                  THE DEFENDANT:  Yes.

24                  THE COURT:  And, also, that you will be required to

25     pay a special assessment, which is like a fine, of $100?

*Proceedings*                                                        15

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you understand that even though you

3   are a citizen, you may be subject to denaturalization and

4   removal as set forth in paragraph 14 of the agreement?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Okay.  And do you understand that you'll

7   be excluded from Medicare, Medicaid, and all federal health

8   programs as set forth in paragraph 15 of your agreement?

9          THE DEFENDANT:  Yes.

10          THE COURT:  And, finally, that you will be required

11  to make a criminal forfeiture as set forth in paragraphs 6

12  through 12 of the agreement?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Okay.  Now, the United States Sentencing

15  Commission has issued Advisory Sentencing Guidelines that I

16  should consider along with many statutory sentencing factors

17  in determining the sentence.  Have you and Mr. Smith talked

18  about how these matters might apply in your case?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand that I am not going to

21  be able to determine the guidelines sentence for your case

22  until after the Probation Department prepares a presentence

23  report and you and Mr. Smith and the Government have had an

24  opportunity to review the report and object to any of the

25  findings made by the probation officer?  Do you understand

*Proceedings*                                                16

1   that?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Do you also understand that if you are

4   sentenced to a prison term, you will be required to spend the

5   entire period of that prison term in prison?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Mr. Campbell, can you estimate for me

8   the anticipated guidelines range in the case?

9            MR. CAMPBELL:  Yes, Judge.  Based on a total offense

10  level of 22 and a Criminal History Category of I, the

11  Government estimates the guidelines range to be 41 to 51

12  months.

13           THE COURT:  Okay.

14           Anything to add to that, Mr. Smith?

15           MR. SMITH:  Nothing, Your Honor.

16           THE COURT:  Okay.

17           Mr. Jiang, do you understand what the lawyers have

18  said?

19           THE DEFENDANT:  Yes.

20           THE COURT:  But do you understand they're just

21  estimating, they're just guessing?  They could be wrong.  It

22  could turn out that the advisory guideline that applies in

23  your case is even higher than what they have estimated it to

24  be, and it could also turn out that because of those other

25  statutory sentencing factors, I might impose a sentence that's

*Proceedings*                                                    17

1    even more severe than the one called for by the Advisory

2    Sentencing Guidelines, and if any of those things were to

3    happen, you wouldn't be permitted to withdraw your guilty plea

4    simply because no one could tell you in advance what your

5    sentence will be; do you understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  And do you understand that in paragraph

8    four of your agreement, you have agreed, among other things,

9    not to file an appeal or otherwise challenge your conviction

10   or sentence by *habeas corpus* proceeding or any other provision

11   of law if I impose a prison term of 63 months or less?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you have any questions that you want

14   to ask me about the charge against you or your rights or

15   anything relating to this proceeding?

16             THE DEFENDANT:  No.

17             THE COURT:  Are you ready to enter a plea?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Mr. Smith, do you know of any reason why

20   your client should not plead guilty to Count Three of the

21   Indictment?

22             MR. SMITH:  No, Your Honor.

23             THE COURT:  Okay.

24             Mr. Jiang, how do you plead to Count Three; do you

25   plead not guilty or do you plead guilty?

*Proceedings*                                                  18

1            THE DEFENDANT:  I plead guilty.

2            THE COURT:  Are you making the guilty plea

3    voluntarily and of your own free will?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Has anyone threatened, forced, or

6    coerced you in any way to plead guilty?

7            THE DEFENDANT:  No.

8            THE COURT:  Other than the agreements with the

9    Government that are set forth in the written agreement that's

10   been marked as Government Exhibit Number 1 in your case, has

11   anyone made any promise to you that has caused you to plead

12   guilty?

13           THE DEFENDANT:  No.

14           THE COURT:  Has anyone made any promise to you as to

15   what your sentence will be?

16           THE DEFENDANT:  No.

17           THE COURT:  Okay.  Did you, at some time

18   approximately between September of 2015 and December of 2022,

19   within this district and elsewhere, agree with one or more

20   persons to conduct financial transactions, specifically

21   deposits, withdrawals, transfer of funds and monetary

22   instruments that actually involved the proceeds of an offense

23   that involved a federal healthcare offense, knowing that the

24   property involved in these transactions did represent the

25   proceeds of some form of unlawful activity and that the

*Proceedings*                                              19

1  financial transactions were designed to conceal and disguise

2  the nature, ownership, and control of the proceeds of the

3  activities; did you do that?

4              MR. SMITH:  Your Honor, if I may for a moment?

5              THE COURT:  Certainly.

6              MR. SMITH:  I've had numerous discussions with the

7  prosecutor in this case particularly about the time frame as

8  alleged in the indictment.

9              THE COURT:  Okay.

10             MR. SMITH:  Which spans from 2015 through December

11 of 2022.  We have agreed, based upon a review of the evidence,

12 that the appropriate time period is between 2019 and 2022.

13             THE COURT:  Okay.

14             MR. SMITH:  So my client is prepared to allocute to

15 his guilty plea to that time frame for this charge.

16             THE COURT:  That's fine.

17             MR. SMITH:  Thank you, Your Honor.

18             THE COURT:  Okay.

19             Mr. Jiang, limiting the time frame now to 2019 to

20 2022, are you guilty of that crime?

21             THE DEFENDANT:  Yes.

22             THE COURT:  I want you to tell me in your own words

23 what it is that you did to make you think you are guilty of

24 that crime.

25             MR. SMITH:  Okay, Your Honor.  If I may, once again.

*Proceedings*                                              20

1   Excuse me.  We have prepared a statement and my client is

2   prepared to read it to Your Honor in English.  He's capable,

3   certainly, of doing that.

4           THE COURT:  That's fine.

5           MR. SMITH:  Alternatively, we have also had the

6   court interpreter translate it so he could read it in Chinese

7   who she -- and she would interpret it in English.  So

8   whichever the Court prefers.

9           THE COURT:  Well, we can start in English and if for

10  some reason I don't understand it, we'll have the court

11  interpreter interpret it.

12          MR. SMITH:  Okay.  Thank you.

13          THE COURT:  Go ahead, Mr. Jiang.

14          THE DEFENDANT:  Between 2019 and 2022, here in the

15  Eastern District of New York, I enter into an agreement with

16  others to conduct financial transaction with the proceeds of

17  unlawful activity that occurred during that time period.  This

18  unlawful activity involved in making payments to pharmacy

19  customers so that they would use our pharmacy located in

20  Queens and sending pharmacy customers to certain doctors who

21  prescribed pain medication in return for payment of some of

22  their operational costs.  I know these activities were

23  unlawful and wrong.

24          THE COURT:  Okay.  Was the purpose of the

25  transactions to conceal the conduct, the unlawful conduct, of

1   violation of the healthcare laws?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Anything further?

4              MR. CAMPBELL:  Nothing from the Government.

5              THE COURT:  Okay.  I take it the Government proffers

6   that the interstate commerce element would be satisfied?

7              MR. CAMPBELL:  That's correct, Your Honor.  This

8   scheme targeted Medicare and Medicaid, that involves

9   interstate commerce.  The claims involving kickbacks are

10  fraudulent in the sense the plans would not have paid them

11  understanding they were induced by kickbacks.

12             THE COURT:  Is that correct, Mr. Smith?

13             MR. SMITH:  That's my understanding, Your Honor,

14  yes.

15             THE COURT:  Okay.

16             Mr. Jiang; is that correct?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Okay.  Based on the information that you

19  have given to me, I find that you are acting voluntarily, that

20  you still fully understand your rights and the consequences of

21  your plea, and that there is a factual basis for your plea,

22  and let me just question you about your reading your

23  allocution.

24             Is everything that's in what you read something that

25  you told Mr. Smith?

*Proceedings*                                                    22

1                THE DEFENDANT:  Yes.

2                THE COURT:  And is everything that you read to me

3    true?

4                THE DEFENDANT:  Yes.

5                THE COURT:  Okay.  I, therefore, accept your guilty

6    plea to Count Three of the Indictment.

7                THE COURTROOM DEPUTY:  Sentencing is set for

8    May 13th at 11:00 a.m.

9                MR. SMITH:  Your Honor, if I may just discuss

10   something with Mr. Campbell first just before you leave so I

11   can address it if necessary?

12               THE COURT:  Right.

13               (Brief off the record discussion.)

14               MR. SMITH:  Okay.  Nothing further, Your Honor.

15   Thank you.

16               THE COURT:  Thank you.

17               (Matter adjourned.)

18

19

20

21

22

23

24

25

23

1                          E X H I B I T S

2
   COURT                                    PAGE
3
   1                                        14
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25